## PITZER *v.* INDIANA STATE BOARD OF MEDICAL REGISTRATION AND EXAMINATION ET AL.

[No. 14,363. Filed October 8, 1931. Rehearing denied December 15, 1931. Transfer denied July 13, 1932.]

*William H. Faust* and *Irene Faust,* for appellant.

*Herbert E. Wilson,* prosecuting attorney, and *Claycombe* and *Stump,* for appellee.

CURTIS, J.—Bryant Ernest Pitzer (appellant herein) applied to Indiana State Board of Medical Registration and Examination (appellee herein) for a certificate for license by examination to practice the healing art of chiropractic. The board refused to grant appellant such certificate and license and refused to give him an examination in chiropractic in pursuance of his application. From this refusal, appellant appealed to the Superior Court of Marion County, which court rendered judgment sustaining the refusal of said board to give appellant such examination and to grant him such certificate and license. From this judgment, appellant appeals and assigns as error the overruling of his motion for a new trial, under which it is contended that: (1) The decision is not sustained by sufficient evidence, and (2) the decision is contrary to law.

The evidence is undisputed and shows substantially the following facts: That Bryant Ernest Pitzer is a high school graduate; that on September 4, 1928, he matriculated in the Lincoln Chiropractic College and continued in such institution as a student regularly until March 7, 1930; that the course of instruction in such school was of three years duration, which was divided into terms of six months each; that it was possible to complete the course of instruction in eighteen consecutive months; that materia medica, surgery and obstetrics were not taught in the course of instruction at the school in question; that appellant graduated from said school and received a diploma with the degree of Doctor of Chiropractic, on March 7, 1930.

The evidence further shows that on August 7, 1930, appellant made a written application on the forms provided by appellee board for a certificate and license to practice chiropractic according to the method and system taught by the Lincoln Chiropractic College; that on January 13, 1931, the Indiana State Board of Medi-

cal Registration and Examination refused appellant such certificate and license and refused to give appellant an examination and gave their written reasons as follows: "The application of Bryant Ernest Pitzer for a license to practice Chiropractic is hereby refused for the reason that he has not graduated from a college maintaining a standard of medical education conforming to that fixed by the board in accordance with the Statutes of Indiana, and for the further reason that he has not satisfied the board that he has complied with the minimum requirements to entitle him to receive such a license. For the foregoing reasons the board hereby refuses also to give the said Bryant Ernest Pitzer an examination for license as applied for."

Section 5 of the Medical Act, Acts 1897, ch. 169, p. 225, as amended in 1901 (Acts 1901, c. 211, p. 475, §1), being §12239 Burns 1926, sets forth the duties of appellee board, and among other things, provides that: "The said board shall also, in like manner, establish and cause to be recorded in such record a schedule of the minimum requirements and rules for the recognition of medical colleges, so as to keep these requirements up to the average standard of medical education in other states." In pursuance of this provision, appellee board, in 1917, adopted and published certain minimum requirements for medical colleges, which requirements are yet in full force and effect. It would serve no good purpose to set out these requirements herein, but suffice it to say that appellant admits that he is not a graduate of a medical school meeting the minimum requirements of appellee board. But, however, it is appellant's contention, that even though he is not a graduate of a school meeting the minimum requirements of the Indiana State Board of Medical Registration and Examination, he is, under section 2 of the Medical Act, Acts 1897, ch. 169, p. 255, as amended in 1899 (Acts 1899, ch.

145, p. 247, §1), being §12235 Burns 1926, entitled to be given an examination in chiropractic, and that if he makes a suitable grade, he is entitled to a license to practice the healing art of chiropractic.

Appellee, however, argues that §12235 does not apply in the instant case but says that §12239 being repugnant to the former section, 12235, appellant is not entitled to a license or examination until he has produced evidence to show that he is a graduate from a school meeting the minimum requirements as set out by the appellee board.

The sole question to be decided in the instant case, therefore, is: Is §12235 Burns 1926, so repugnant to and irreconcilable with §12239 Burns 1926, that the former is repealed by the latter. If the two sections are not in conflict and if the former governs in this case, the judgment must be reversed, but if the latter repeals the former, then the judgment must be affirmed.

Section 2 of the Medical Act, Acts 1897, ch. 169, p. 255, as amended in 1899 (Acts 1899, ch. 145, p. 247, §1), being §12235 Burns 1926, after setting forth certain prerequisites to an applicant's being entitled to a license to practice medicine, provides that: "In the event an applicant for a certificate from the state board of medical registration and examination shall present a diploma from a medical college which is not recognized as maintaining a sufficiently high grade or standard of medical education, as defined and fixed in the records of the board, the applicant shall have the privilege of being examined as to his qualifications to practice medicine, surgery and obstetrics, in such manner as the board shall provide. And if he shall pass an examination satisfactory to the board, he shall receive a certificate the same as if he had presented a satisfactory diploma and other evidences of qualifications for the practice of medicine."

Section 5 of the Medical Act, Acts 1897, ch. 169, p.

255, as amended in 1901 (Acts 1901, ch. 211, p. 475, §1), being §12239 Burns 1926, after setting forth certain duties of the Indiana State Board of Medical Registration and Examination, provides: "When an application for a certificate is made, and a diploma submitted, as herein provided, it shall be the duty of the state board of medical registration and examination to determine, upon the evidence presented, whether such diploma rightfully belongs to and was issued to the person making application for a certificate, and whether the medical college that issued the diploma maintains a standard of medical education conforming to that fixed by the state board of registration and examination, and whether the application otherwise complies with the rules of the board. If these facts are shown by competent evidence, it shall be the duty of the state board of medical registration and examination to issue a certificate, signed by its president and secretary, and under its official seal, stating that the person applying for such certificate and possessing such diploma, is entitled to practice medicine, surgery and obstetrics in the State of Indiana; Provided, said application shall be filed prior to January 1, 1905; and, Provided further, said applicant shall have, prior to January 1, 1901, matriculated in a reputable medical college in Indiana, maintaining a standard of medical education conforming to that fixed by said board and shall have graduated from said college and received his diploma therefrom, prior to January 1, 1905. Except as last above provided, no certificate shall be issued to any person whomsoever until he shall have satisfied the said board that he has graduated at a reputable medical college, as in this section set forth, maintaining a standard of medical education as above prescribed, and shall have passed before said board a satisfactory examination as to his qualifications to practice medicine, surgery and obstetrics."

It is to be noted that §2 of this act (§12235 Burns 1926) upon which appellant relies, was originally enacted in 1897 and was amended in 1899 to read as it now reads, while §5 (§12239 Burns 1926), upon which the appellees rely, was enacted at the same session of the legislature and was a part of the same act. The latter section, however, was amended in 1899 (Acts 1899, ch. 145, p. 247, §2) and was further amended in 1901 (Acts 1901, ch. 211, p. 475, §1) to read as it now reads. We therefore have two sections (2 and 5) originally enacted under the same act (Acts 1897, ch. 169, p. 255) with each section being amended in 1899, and with §5 being further amended in 1901. In point of time, therefore, Sec. 5, as it now reads, is the latest expression of the legislature, Section 5 (§12239) does not expressly repeal Sec. 2 (§12235).

It is a well settled rule of statutory construction that repeals by implication are disfavored. *Straus Bros. Co.* v. *Fisher* (1928), 200 Ind. 307, 163 N. E. 225. Where two acts or sections of different dates are seemingly repugnant to each other, they must, if at all possible, be so construed that the latter will not operate as a repeal of the former. But, if, in any case, it is impossible for both statutes to remain in force, if to continue any portion of the prior statute in force will destroy any portion of the latter statute, it must be held, that to that extent the prior statute is not in force, but that the prior statute has been repealed by implication to the extent that the new law is in irreconcilable conflict with the prior law. See the *Jeffersonville, Madison and Indianapolis R. R. Co. et al.* v. *Dunlap* (1887), 112 Ind. 93, 13 N. E. 403. If there is a conflict in the provisions of two statutes which cannot be harmonized, the earlier in point of enactment is repealed by the later. "The last word stands." *Stiers* v. *Mundy* (1910), 174 Ind. 651, 92 N. E. 374. "Where there are several stat-

utes co-existing and the last of them is repugnant to the others, it impliedly repeals the others; that is, where they cannot all stand and be enforced." *Carver et al.* v. *Smith et ux.* (1883), 90 Ind. 222. "Where an amendment is made that changes the old law in its substantial provisions, it must, by a necessary implication, repeal the old law so far as they are in conflict." *Longlois* v. *Longlois* (1874), 48 Ind. 60.

We are aware of the rule that there is no irreconcilable conflict between statutes unless substantial harmony is impossible, after application of every recognized rule of statutory construction. But, after applying every recognized rule of statutory construction, we are unable to see upon what hypothesis the two sections in question could be construed to secure substantial harmony for the reason that by §12235, a graduate of a school not meeting the minimum requirements of the appellee board, is entitled to an examination and if such applicant shall pass such examination satisfactory to said board, he shall be entitled to a license to practice, while Sec. 5, §12239, which was amended two years after Sec. 2 of the same act was amended, clearly declares that "No certificate shall be issued to any person whomsoever until he shall have satisfied the said board that he has graduated at a reputable medical college, as in this section set forth, maintaining a standard of medical education as above prescribed. . . ."

It is impossible to reconcile these two sections so that both can stand. We hold, therefore, that the earlier section 2, being §12235 Burns 1926, is repealed by implication by the later section §5, being §12239 Burns 1926, insofar as the former is in conflict with the latter.

It therefore follows that appellant is not entitled to an examination, or a certificate, and license to practice

chiropractic until he has satisfied the Indiana State Board of Medical Registration, by presenting evidence that he is a graduate of a college maintaining a standard of medical education meeting the minimum requirements as fixed by said board.

It is argued by appellant that the refusal of the appellee board to give appellant an examination was in effect a discrimination by said board against the Lincoln Chiropractic College. There is no merit in this contention. The appellee board in refusing to give such examination was merely doing what it was in duty bound by law to do. The question of discrimination is not involved in this case.

The evidence is sufficient to sustain the judgment and the judgment is not contrary to law.

Judgment affirmed.