### DAVIS *v.* STATE BOARD OF MEDICAL REGISTRATION AND EXAMINATION.

[No. 15,282. Filed December 17, 1936.]·

*William H. Faust, Irene Faust* and *Julius V. Medias,* for appellant.

*Claycombe & Stump,* for appellee.

KIME, J.—On the 15th day of November, 1932, the appellant here applied to the State Board of Medical Registration and Examination, for a certificate authorizing the clerk of the Marion Circuit Court to issue him a license to practice naturopathy, upon the form prescribed by the board and submitted therewith the affidavits, as prescribed by statute, and a diploma issued by the College of Drugless Physicians, which diploma purported to confer upon the appellant the so-called degree of Doctor of Naturopathy. The board at a hearing upon this application refused to issue a certificate to the clerk and from this order of refusal the appellant appealed to the Marion Superior Court as the statute provided and there the application, affidavits and diploma were introduced in evidence and the appellant testified in his own behalf.

The court found for the appellee board and rendered judgment accordingly. Following a motion for new trial this appeal was perfected. Errors assigned were the overruling of a motion for new trial and that the court erred in sustaining appellee's motion to find for the board at the conclusion of the evidence. The grounds of the motion for new trial were that the decision of the court was not sustained by sufficient evidence and was contrary to law. All raise the same question and will be discussed together.

It appears from the evidence that the appellant was born November 16, 1911, and attended public school to and including the third grade and parochial school after that until he had completed the eighth grade, after

which he spent one term in a parochial high school. On September 9, 1925, when he was thirteen years and nine months of age he entered this College of Drugless Physicians, at which time he was still a student in the grade schools during the day and attended this school at night, which school is referred to in the evidence as the Briggs school because a man by the name of Briggs was the operator thereof. On November 16, 1926, on the day he was fifteen years of age, he received the so-called degree of Doctor of Naturopathy after having attended this school only one year two months and seven days.

The evidence discloses that the method of treatment used by doctors of Naturopathy is by spinal adjustments.

The evidence further discloses that this school was closed "by the courts" and that Briggs, the operator thereof, was convicted of operating a school fraudulently and that this was because he was "operating a diploma mill."

The evidence also discloses that the board refused the license to appellant because of his immature age at the time he was in attendance at this college and "on account of non-compliance of the standards of instruction required for professional schools to entitle a graduate therefrom to receive a license" and stated specifically that the medical practice acts "have not been complied with and met by the said applicant . . . for a certificate on diploma and residence and practice in Indiana prior to and on Jan. 1, 1927."

The act of 1897, ch. 169, p. 255, being §63-1311 Burns 1933, and §10712 Baldwin's 1934, which was the original act regulating the practice of medicine, surgery and obstetrics, provided among other things that the definition of the practice of medicine was as follows: "Sec. 8. To open an office for such purpose or to an-

nounce to the public in any way a readiness to practice medicine in any county of the State, or to prescribe for, or to give surgical assistance to those suffering from disease, injury or deformity, shall be to engage in the practice of medicine within the meaning of this act." This act further provided that the board should "establish and cause to be recorded" in a record *"a schedule of the minimum requirements and rules for the recognition of medical colleges."* By the act of 1899, ch. 145, p. 247, being §63-1306 Burns 1933, and §10708 Baldwin's 1934, wherein certain sections of the act of 1897 were amended, the identical language with regard to requirements and rules for the recognition of medical colleges was re-enacted and a further provision was enacted which provided that (§2) "When an application for a certificate is made, and a diploma submitted, as herein provided, it shall be the duty of the State Board of Medical Registration and Examination to determine, upon the evidence presented, whether such diploma rightfully belongs to and was issued, to the person making application for a certificate, *and whether the medical college that issued the diploma maintains a standard of medical education conforming to that fixed by the State Board* of Medical Registration and Examination, and whether the application otherwise complies with the rules of the Board. If these facts are shown by competent evidence, it shall be the duty of the State Board of Medical Registration and Examination to issue a certificate, signed by its President and Secretary, and under its official seal, stating that the person applying for such certificate and possessing such diploma is entitled to a license to practice medicine, surgery and obstetrics in the State of Indiana.

The act of 1901, ch. 211, p. 475, being §63-1306 Burns 1933, and §10708 Baldwin's 1934, which was an amendment of the prior acts, contained the law relat-

ing to the schedule of minimum requirements and amended §8 of the act of 1897, *supra,* by more specifically defining the practice of medicine, as follows: "Section 8. To open an office for such purpose or to announce to the public in any way, a readiness to practice medicine in any county of the State or to prescribe for, or to give surgical assistance to or to heal, cure or relieve, or to attempt to heal, cure or relieve those suffering from injury or deformity, or disease of mind or body, or to advertise, or to announce to the public in any manner a readiness or ability to heal, cure or relieve those who may be suffering from injury or deformity, or disease of mind or body, shall be to engage in the practice of medicine within the meaning of this Act: *Provided,* that nothing in this act shall be construed to apply to or limit in any manner the manufacture, advertisement or sale of proprietary medicines. It shall also be regarded as practicing medicine within the meaning of this act, if anyone shall use in connection with his or her name the words or letters 'Dr.,' 'Doctor,' 'Professor,' 'M. D.' or 'Healer,' or any other title, word, letter or designation intending to imply or designate him or her as a practitioner of medicine or surgery in any of its branches: *Provided,* That this act shall not be construed to apply to nonitinerant opticians who are at this time engaged in, or who may hereafter engage in the practice of optometry in this State, nor to professional or other nurses."

The act of 1927, ch. 248, p. 725, being §63-1311 Burns 1933, and §10712 Baldwin's 1934, amends the three prior acts in certain particulars and again more specifically defines the practice of medicine by re-enacting the provisions of section 8 last above quoted and adding the following: *"Provided, however,* That this law shall be construed as applying only to those persons who pretend, claim, assert, or advertise that they diagnose. or

in any manner physically treat human disease, injury or deformity, and shall not apply to those who endeavor to prevent or cure disease or suffering by spiritual means or prayer; and, *Provided,* That this law shall not be construed to prevent any person who now holds or may hereafter obtain and hold a lawful license to practice any profession, calling or vocation from practicing such profession, calling or vocation in accordance with the terms of such license: and, *Provided, further,* That this act shall not be construed to apply to non-itinerant optometrists who are at this time engaged in, or who may hereafter engage in the practice of optometry in this state, nor to professional or other nurses, nor first aid or pharmacists in their professional duties." Said act further provides that *"All persons who are now practicing or may hereafter engage in the practice of chiropractic or any other method or system of healing shall be subject in all respects whatsoever to all the provisions* of an act entitled, 'An Act regulating the practice of medicine, surgery and obstetrics, providing for the issuing of licenses to practice, providing for the appointment of a state board of medical registration and examination and defining their duties, defining certain misdemeanors and providing penalties, and repealing all laws in conflict therewith and certain acts therein specified," approved March 8, 1897, and all acts amendatory thereof and supplemental thereto, except that applicants for license to practice chiropractic or any other system or method of healing in which drugs are not administered and which does not include surgery or obstetrics shall not be required to take an examination in *materia medica,* surgery and obstetrics: *Provided,* That any chiropractor or practitioner of any other system or method of healing, who is a graduate of a school or college teaching the system or method of healing which he practices, and who was on January 1, 1927,

residing in the State of Indiana and practicing chiro-. practic or any other system or method of healing taught by the school or college of which he is a graduate, shall be given without examination a certificate for a license to practice the system or method of healing in which he has been so engaged."

The appellant contends that under these medical practice acts he is entitled to a certificate because he is a practitioner of a system or method of healing and was a graduate of a school or college teaching that system or method on January 1, 1927, at which time he was residing in this State and practicing the system or method in which he had been taught by the school or college. The appellee board contended in the trial court that appellant was not a graduate of a school or college maintaining a standard of medical education conforming to the requirements of the board and consequently there could be no recognition of the so-called diploma to the appellant. This court held in the case of *Indiana State Board of Medical Registration and Examination et al.* v. *Pickard* (1931), 93 Ind. App. 171, 177 N. E. 870, that as a prerequisite to an applicant being granted a certificate under the medical practice acts that it was necessary that such applicant present to the board *satisfactory evidence* that he was a graduate of a school or college teaching the system or method which he was practicing on January 1, 1927. On the next day it was held, in construing these medical practice acts, that an applicant was not entitled to a certificate "until he has satisfied the Indiana State Board of Medical Registration, by presenting evidence that he is a graduate of a college maintaining a standard of medical education meeting the minimum requirements as fixed by said board." *Pitzer* v. *Indiana State Board of Medical Registration and Examination et al.* (1931), 94 Ind. App. 631, 177 N. E. 876.

These regulatory acts must be construed together wherever possible to determine the intent of the general assembly and the meaning of the language used in the various acts. At the outset of this regulatory legislation in 1897 the legislature at that time said that they were regulating the practice of medicine, surgery and obstetrics. Subsequent to that time there were those who sought to evade the requirements of this act and as a result many new cults and those holding themselves out as capable of healing have grown up. The regulations prescribed in the act of 1897, *supra*, and as the various amendments indicate the legislature has, as these developed, attempted to make the regulations broad enough to cover everything that might be encountered in the healing art or in relieving from suffering through any medium except prayer.

The legislature gave to the board they created the specific right to prescribe rules and regulations for schools within the State of Indiana which asked recognition from said board and all of the acts subsequent thereto have re-enacted this provision where any reference thereto at all was made. None of these provisions have been repealed. It necessarily follows that one holding a so-called diploma from a school or college which did not meet the requirements or the rules of the board is not a college or school within the meaning of these medical practice acts and since the applicant here did not present to the board satisfactory evidence of the fact that he was a graduate of such school or college he was not entitled to the certificate.

The judgment of the Marion Superior Court is in all things affirmed.