STATE EX REL. BOARD, ETC. *v.* COLE.

[No. 27,110. Filed May 15, 1939. Rehearing denied June 12, 1939.]

*Omer S. Jackson,* Attorney General, *James K. North-am,* Deputy Attorney General, and *John R. Smock,* for appellant.

*Robert L. Hanna, Smith & Smith, Rinier & Deranian,* and *Carl H. Weyl,* for appellee.

SHAKE, J.—This is an appeal from a judgment against the appellant in an action by which it sought to permanently enjoin the appellee from engaging in the unlawful practice of medicine. The single paragraph of complaint alleged that the appellee was a resident of Carroll County; that he was not licensed to practice medicine under the laws of this state; that he had been and was at the commencement of the action so engaged; that he was threatening to continue in such practice; and that the relator had no adequate remedy at law.

The appellee answered in two paragraphs, the first being in general denial. Many of the allegations contained in the second paragraph of answer are conclusions of law, rather than statements of fact. The pleading is too lengthy to quote, but we shall summarize enough to disclose the appellee's defense. He charges that the practice of medicine without a license in this state is a misdemeanor, punishable by fine; that the present action is an attempt to enforce the criminal laws of the state by an equitable proceeding; that to invoke the remedy attempted here would deny him his constitutional right to a jury trial and make him liable to double jeopardy. He says that he is a graduate of and holds a diploma from a chiropractic college of known standing; that the Medical Practice Act of 1927 (ch. 248, Acts of 1927, §63-1311 et seq. Burns 1933, sec. 10712 et seq. Baldwins 1934) recognizes the practice of chiropractic as legitimate, by providing that those engaged therein prior to January 1, 1927, should be entitled to licenses authorizing them to continue, and by further providing that said science might be represented on the personnel of the Indiana State Board of Medical Registration and Examination. Appellee alleges that said state board has been guilty of discriminatory, arbitrary, and capricious conduct, resulting in the practical nullification of the act of 1927, in this: that it has created a monopoly in favor of those now licensed to practice chiropractic by imposing requirements upon new applicants in excess of those possessed by persons engaged in that profession on January 1, 1927, and in excess of those taught by chiropractic colleges of the highest rank; that by its rules and regulations said board requires applicants for chiropractic licenses to have the same minimum qualifications possessed by applicants for medical licenses proper, although said sciences are fundamentally different, since chiropractors are not permitted under the law

to use drugs or practice surgery or obstetrics; that chapter 248 of the Acts of 1927 is invalid because it is an attempt to amend a repealed act, and that the title thereof does not embrace the subject-matter, as required by Article 4, section 19, of the State Constitution.

The sufficiency of the second paragraph of answer was not tested by demurrer or otherwise, and the cause was put at issue by reply in general denial. The court made a general finding for the appellee and rendered judgment in his favor. Appellant's motion for a new trial was overruled, and the only question presented for review is whether the decision of the trial court is contrary to law.

Three questions are presented by the record: (1) is the act of 1927 invalid for any of the reasons suggested by the second paragraph of appellee's answer; (2) is appellee excused from having a license to practice medicine on account of the alleged discriminatory, arbitrary, and capricious conduct of the Board of Medical Registration and Examination; and (3) may injunction be invoked to prevent an unlicensed person from practicing medicine? It is settled that the state may, by appropriate legislation, regulate the practice of medicine and restrict the same to those who have been licensed by it. *State ex rel. Burroughs* v. *Webster* (1898), 150 Ind. 607, 50 N. E. 750, 41 L. R. A. 212; *Parks* v. *State* (1902), 159 Ind. 211, 64 N. E. 862, 59 L. R. A. 190. It is asserted in the answer that chapter 248 of the Acts of 1927 is invalid because the acts which it amended had been repealed. The subject is not discussed in appellee's brief, but we assume the claim is based upon the holding in *Pitzer* v. *Ind. State Board* (1932), 94 Ind. App. 631, 177 N. E. 876, where it was held that the part of section 12235 Burns 1926, which provided that an applicant for a license who was a graduate of a medical school that did not meet the mini-

mum requirements of the state board should be entitled to an examination, and, if such applicant should pass such examination satisfactory to the board, he should be entitled to a license, was repealed by implication by section 12239 Burns 1926, subsequently enacted. The Pitzer case goes no further, and an examination of the statutes does not disclose that the act of 1927 undertook to amend any repealed legislation.

Attention is called to the provisions of the act of 1927 authorizing the Attorney General and prosecuting attorneys to maintain actions for injunction, and it is asserted that this provision is not covered by the title. The title of the act in question is broad enough to embrace the whole subject of the regulation of the practice of medicine. It is not essential that all of the procedural incidents of administration should be disclosed in the title.

The charge that the state board by its rules and practices wrongfully denied the appellee a license to follow the chiropractic method of treating the sick can not avail him anything. The allegations of his answer relating to that subject amount merely to a collateral attack upon the conduct of the board. If he is entitled to a license he should proceed under the statute, or otherwise, to compel the board to issue him one. We can not here determine whether the board acted justly or unjustly. "A wrongful refusal of a license is not equivalent to a license." *State* v. *Stevens* (1916), 78 N. H. 268, 270, 99 Atl. 723, L. R. A. 1917 C 528.

In the case of *State ex rel. Indiana State Board of Dental Examiners* v. *Boston System Dentists* (1939), ante 485, 19 N. E. (2d) 949, this court considered the question of whether an injunction was a proper remedy to restrain the unlawful practice of dentistry in a situation where such unlawful practice was likewise punishable as a crime. The medical

and dental practice acts are similar in that respect, and we concluded that an injunction was an available remedy in view of the public interest involved. A number of cases from other jurisdictions sustaining our conclusion are cited in that opinion.

From the evidence it appears that the appellee maintained an office and held himself out as a practitioner of chiropractic by means of newspaper advertising; that he made X-ray examinations and administered chiropractic adjustments of the vertebrae of patients to relieve them of physical ailments. For this service he accepted pay and issued receipts therefor which he signed, "Dr. Geo. L. Cole." This constituted the practice of medicine as defined in section 1 of chapter 248 of the Acts of 1927. It is not claimed that the appellee was licensed to practice that profession and the evidence affirmatively shows he was not. An appellate tribunal will not ordinarily reverse a cause upon the evidence, but it sometimes becomes proper to do so. A statute of this state applicable to cases of equitable cognizance covers the subject so far as this case is concerned. §2-3229 Burns 1933, sec. 467 Baldwin's 1934. Under the circumstances a retrial is unnecessary.

Reversed, with directions to enter judgment perpetually enjoining the appellee from engaging in the practice of medicine without a license.