229 Ind. 315 (1951)
98 N.E.2d 365
STATE EX REL. BOARD OF MEDICAL REGISTRATION AND EXAMINATION OF INDIANA
v.
FRASURE.
No. 28,749.
Supreme Court of Indiana.
Filed April 26, 1951.
*317 J. Emmett McManamon, Attorney General; Thomas L. Webber and Robert C. Walsman, Deputy Attorneys General, for appellant.
James D. Harrison, of Indianapolis; Gration P. Wickerham; and Dice & Keith, both of Peru, for appellee.
DRAPER, J.
Appellant brought this action under Burns' 1943 Replacement, § 63-1311, to enjoin the appellee from engaging in the practice of medicine without a license. The case was filed in the Miami Circuit Court on December 17, 1948. Following the filing of appellant's motion for change of venue from the county the cause was sent to the Fulton Circuit Court "by agreement of counsel." Appellant's amended complaint was filed in that court on April 21, 1950. The matter was set for hearing on temporary injunction for May 31, 1950, and the appellee was personally served with notice of the time and place of said hearing. The hearing was later reset for September 28, 1950, on which date the appellee filed what he designates as a plea in abatement. To this plea the appellant addressed a demurrer for want of facts. The hearing on temporary injunction was thereupon held and the matter taken under advisement until November 21, 1950, when the temporary injunction was denied. The plea in abatement and demurrer thereto still pend undisposed of.
This appeal is from the order denying the temporary injunction.
The evidence concerning appellee's activities is uncontradicted. It shows that the appellee had an office in Peru, Indiana, where he held himself out as a practicing chiropractor; that he had X-ray and other diagnostic equipment there, and there administered chiropractic treatments for pay. He had no license so to do, *318 and so far as the evidence discloses, had never applied for one.
We have recently held that under such circumstances the trial court has no discretion in the matter, but should grant a temporary injunction as a matter of law. State ex rel. Board, etc. v. Hayes (1950), 228 Ind. 286, 91 N.E.2d 913; State ex rel. Board, etc. v. Michels (1950), 228 Ind. 711, 91 N.E.2d 916; State ex rel. Board, etc. v. Henry (1951), 229 Ind. 219, 97 N.E.2d 487. Those decisions must control this case unless questions raised here, but not raised in any of those cases, indicate a different result.
The plea in abatement alleges, largely by way of conclusions, that the "Medical Law" (Burns' 1943 Replacement, §§ 63-1301 et seq.) is unconstitutional in its application to chiropractors, by reason of the alleged discriminatory acts and practices of the Board of Medical Registration and Examination as presently and previously constituted.
As we understand the appellee, he first takes the position that the trial court could not issue a temporary injunction against him because he had not entered a general appearance to the action, and he therefore had not submitted to the jurisdiction of the court; that his appearance was a special appearance only for purposes of pleading in abatement. The jurisdiction of the court did not depend upon an appearance by the appellee, nor could the appellee, by failing or refusing to "submit" to the jurisdiction of the court, forestall action on its part. The case had been pending in a court of general jurisdiction for nearly two years. The appellee received reasonable notice of the time and place of the hearing agreeable to Burns' 1946 Replacement, § 3-2104. He was present by counsel and introduced evidence. The court had full *319 jurisdiction to decide whether a temporary injunction should issue.
The appellee says "The question before the court on the appeal is whether the court abused its discretion in denying the State a temporary injunction when the Plea in Abatement raising the question of unconstitutional administration of the Act was undisposed of."
We have held that the conduct of the board is not subject to collateral attack. State ex rel. Board, etc. v. Cole (1939), 215 Ind. 562, 20 N.E.2d 972, was an action brought to permanently enjoin the defendant from engaging in the unlawful practice of medicine. The defendant answered in two paragraphs, the first being a general denial. The second alleged a denial of defendant's constitutional rights, asserting among other things, that the discriminatory, arbitrary and capricious conduct of the board had resulted in the wrongful denial of a license to the defendant to practice chiropractic. The cause was put at issue by reply in general denial. The court denied the permanent injunction. This court reversed and directed the entry of a judgment permanently enjoining the appellee from engaging in the practice of medicine without a license.
In holding that the decision of the trial court was contrary to law, this court first reiterated the right of the state, by appropriate legislation, to regulate the practice of medicine and restrict the same to those who have been licensed so to do we then said:
"The charge that the state board by its rules and practices wrongfully denied the appellee a license to follow the chiropractic method of treating the sick can not avail him anything. The allegations of his answer relating to that subject amount merely to a collateral attack upon the conduct of the board. If he is entitled to a license *320 he should proceed under the statute, or otherwise, to compel the board to issue him one. We can not here determine whether the board acted justly or unjustly." State ex rel. Board, etc. v. Cole (1939), 215 Ind. 562, 566, 20 N.E.2d 972.
As stated in State v. Stevens (1916), 78 N.H. 268, 99 Atl. 723, L.R.A. 1917C, 528, upon which case this court relied in the case just mentioned:
"The judgment of the commissioner, that the license ought not to be granted, cannot be attacked collaterally. Pittsfield v. Exeter, 69 N.H. 336, 338, 41 Atl. 82. The defendant would be no better off if such attack were permitted. His claim is that he was entitled to a license, not that he had a right to sell without a license. If the correctness of the defendant's claim were conceded or established, he would still be guilty of a violation of the statute,  selling without a license. A wrongful refusal of a license is not equivalent to a license."
We think State ex rel. Board, etc. v. Cole, supra, is decisive of the question presented here. If the answer would not avail the defendant on the issue of the granting of a permanent injunction, when raised by answer, it could surely not avail him on the issue of a temporary injunction, when raised by plea in abatement.
If, as has been so often lately asserted, the law having to do with the examination and registration of chiropractors is so administered by the Board as to prejudice the constitutional rights of those who seek to practice that calling, the remedy was pointed out in State ex rel. Board, etc. v. Cole, supra, twelve years ago. We adhere to our decision in that case. It governs this one.
Reversed, with directions to enter an order temporarily enjoining the appellee from engaging in the practice of medicine without a license.
NOTE.  Reported in 98 N.E.2d 365.