MERKEL *v.* STATE EX REL. BOARD OF MEDICAL REGISTRATION AND EXAMINATION OF INDIANA.

[No. 18,275. Filed January 25, 1952.]

*James D. Harrison,* of Indianapolis; *Dice & Keith,* of Peru; *D. L. McKesson,* and *Albert B. Chipman,* both of Plymouth, for appellant.

*J. Emmett McManamon,* Attorney General; *Thomas L. Webber* and *Robert C. Walsman,* Deputy Attorneys General; and *Howard Hillis,* Prosecuting Attorney, 72nd Judicial Circuit, for appellee.

WILTROUT, P. J.—Appellee by this action sought a permanent injunction enjoining appellant from the practice of medicine in this state so long as she had no license to do so. Appellant filed a plea in abatement, to which appellee addressed a demurrer. The demurrer was sustained, issues joined, and the cause submitted to the court for trial.

The trial court, upon due request, made a special finding of facts and found that appellant maintained an office in Plymouth, Marshall County, Indiana; that in March, 1949, appellant treated a patient and received

a fee therefor; that in May and June, 1949, appellant maintained a sign reading: "Aline K. Merkel, Chiropractor," in front of said office; that appellant at the times involved did not have a license to engage in the practice of any system or method of healing of any kind in Marshall County, Indiana.

The court concluded that appellant was unlawfully engaged in the practice of medicine; that she should be enjoined from engaging in the practice of medicine until a license was procured. Judgment was entered accordingly.

Appellant presents as error the sustaining of appellee's demurrer to her plea in abatement. The plea in abatement alleges that the medical registration and licensing laws of the state have been made void and unconstitutional by reason of the administration of such laws by the Board of Medical Registration and Examination in a manner discriminatory against the system of healing known as chiropractic. Quoting from appellant's brief: "Appellant does not allege that the Medical Practice Act is unconstitutional, but does allege that by reason of discriminatory administration, the Act has been unconstitutional in its application to chiropractory." There is no allegation that appellant ever applied for or was ever denied a license.

That the question appellant attempts to raise by her plea in abatement cannot be so raised was decided in *State ex rel. Board of Medical Registration & Examination* v. *Frasure* (1951), 229 Ind. 315, 98 N. E. 2d 365, where a similar plea in abatement was filed. Appellant may not thus collaterally attack the conduct of the board. Her remedy was pointed out in that case and in the case of *State ex rel. Indiana Board of Medical Registration and Examination* v. *Cole* (1939), 215 Ind. 562, 20 N. E. 2d 972. There was no error in sustaining the demurrer.

Appellant also presents as error the overruling of her motion for new trial, challenging the sufficiency of the evidence to prove she had no license. A person practicing medicine in Indiana is required to have a license issued to him by the county clerk of the county in which he resides. Burns' 1951 Replacement, §63-1302; *State ex rel. Board of Medical Registration & Examination* v. *Goodman* (1951), 230 Ind. 38, 101 N. E. 2d 421. Appellant says there was no evidence as to her county of residence. Whether evidence was given as to the county of appellant's residence is immaterial in this case. Evidence was introduced that appellant admitted that she had no license to practice in Indiana. This admission against interest was sufficient proof of this fact.

Judgment affirmed.

NOTE.—Reported in 103 N. E. 2d 221.