14 N.J. Super. 44 (1951)
81 A.2d 365
HELEN THOMAS, PLAINTIFF-RESPONDENT,
v.
CARLTON HOSIERY MILLS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 7, 1951.
Decided May 24, 1951.
*46 Before Judges FREUND, DONGES and PROCTOR.
Mr. Abraham L. Friedman argued the cause for the plaintiff-respondent (Messrs. Rothbard, Harris & Oxfeld, attorneys).
Mr. George R. Milstein, attorney for and of counsel with the defendant-appellant, argued the cause.
The opinion of the court was delivered by PROCTOR, J.S.C.
Defendant appeals from a determination of the Disability Insurance Service, Division of Employment Security of the Department of Labor and Industry, allowing temporary disability benefits under a private insurance plan as authorized by P.L. 1948, c. 110, p. 590, § 8; as am. P.L. 1950, c. 173, p. 393, § 2 (R.S. 43:21-32, N.J.S.A.).
The sole issue is whether plaintiff is entitled to the benefits provided by the statute for the period during which she was under the care of a chiropractor.
The defendant employer had its employees covered under a private plan of insurance as authorized by the statute. On June 22, 1950, plaintiff was unable to continue her duties and had to leave her work as a "looper" in defendant's hosiery mill, because she could not raise her left arm and was suffering pain. Her physical condition caused her to remain *47 away from work until September 25, 1950. It is conceded that plaintiff was not entitled to any benefits prior to July 14, 1950, because of the waiting period and her receipt of vacation pay. During the latter part of June and the month of July, plaintiff was treated by a legally licensed chiropractor, Dr. Barbour. Commencing August 1, 1950, plaintiff was under the care of Dr. Brooks, a physician licensed to practice medicine and surgery, and plaintiff's right to benefits after that date is not in dispute.
The Temporary Disability Benefits Law (P.L. 1948, c. 110 p. 586 (R.S. 43:21-25 et seq., N.J.S.A.)) provides that no benefits shall be payable "for any period during which a claimant is not under the care of a legally licensed physician." R.S. 43:21-39 (b), N.J.S.A. The pertinent provision of the insurance policy covering the defendant employer's private plan contains an identical provision.
The hearing officer concluded that a duly licensed chiropractor is a legally licensed physician within the meaning of the statute when his treatment does not exceed the scope of his license. He found, under the proofs, that the treatment of plaintiff by the chiropractor was within such scope and awarded benefits for the period commencing July 14, 1950, and ending September 25, 1950.
Defendant employer contends that plaintiff was not "under the care of legally licensed physician" while she was being treated by the chiropractor and, therefore, was not entitled to the benefits under the statute during this period, viz., July 14, 1950, to August 1, 1950.
The proofs before us disclose nothing to contradict the hearing officer's finding that the treatment of plaintiff by the chiropractor was within the scope of his license.
The Temporary Disability Benefits Law provides that it shall be liberally construed as remedial legislation. The declared policy of the law is to protect employees from hardship and suffering caused by involuntary unemployment due to inability to work by reason of non-occupational sickness or accident. P.L. 1948, c. 110, p. 586, § 2 (R.S. 43:21-26, *48 N.J.S.A.); see Bogda v. Chevrolet-Bloomfield Div., G.M. Corp., 8 N.J. Super. 172 (App. Div. 1950). There is no dispute that plaintiff's physical condition resulted in her total inability to perform the duties of her employment during the period in question. Nor is there any suggestion of malingering or bad faith on her part.
The practice of medicine and surgery is regulated by the statute commonly known as the Medicine and Surgery Act. (R.S. 45:9-1 et seq., as am. P.L. 1946, c. 84, p. 291, N.J.S.A. The same act also regulates the practice of chiropractic. P.L. 1939, c. 115, p. 402, § 5 (R.S. 45:9-5.1, N.J.S.A.); P.L. 1939, c. 115, p. 411 (R.S. 45:9-14.5 et seq., N.J.S.A.) A license to practice chiropractic is a license to practice medicine limited to the detecting and adjusting, by hand only, of vertebral subluxations. State Board of Medical Examiners v. Grossman, 134 N.J.L. 401 (Sup. Ct. 1946), affirmed 135 N.J.L. 468 (E. & A. 1947); cf. Kahn v. Metropolitan Life Insurance Co., 132 N.J.L. 503 (Sup. Ct. 1945). The license to practice under the provisions of the act is granted by the State Board of Medical Examiners, on which board a chiropractor is a full member. R.S. 45:9-1, N.J.S.A. Under the above mentioned act, licenses are issued to qualified persons to practice "medicine and surgery," or "osteopathy," or "chiropractic." Technically, no one under the act is "legally licensed" to practice as a "physician."
The Temporary Disability Benefits Law does not define the term "legally licensed physician," nor does it restrict its application to practitioners of any particular branch of the practice of medicine or surgery. A "physician" is "a person skilled in physic or the art of healing, one duly authorized to treat diseases, especially by medicines"; Webster's New International Dictionary. The term is not confined to the members of any one class of practitioners; it most frequently is used to mean a doctor practicing medicine and surgery in all its branches, yet it also connotes legally licensed practitioners of other more limited schools. There *49 is nothing in the Temporary Disability Benefits Law to put an employee on notice to seek treatment only by a physician licensed to practice medicine and surgery in all its branches. The purpose of the provision in the law with respect to allowance of benefits for such period as the claimant is under the care of a "legally licensed physician" is obviously intended to guard against fraudulent claims and should be construed from that point of view. At most, there is an ambiguity arising out of the use of the term "legally licensed physician." Many persons for whose benefit this law was enacted consult chiropractors in the belief that they are dealing with legally licensed physicians. The licensing of chiropractors under the Medicine and Surgery Act encourages them in this belief. It would be unjust, under such circumstances, to construe the Temporary Disability Benefits Law so narrowly as to deprive worthy claimants of the benefits thereunder.
The chiropractor, who treated plaintiff during the period in question, was admittedly legally licensed, and there is nothing in the record indicating he was not a legally licensed physician within the intendment of the socially progressive and remedial Temporary Disability Benefits Law.
Defendant's remaining point that the determination of facts and order of the hearing were not based on competent evidence was not argued. However, we have considered it and find it to be without merit.
The determination of the Disability Insurance Service, Division of Employment Security of the State Department of Labor and Industry, is affirmed.