233 Ind. 25 (1954)
116 N.E.2d 503
DEAN
v.
STATE OF INDIANA ON RELATION OF THE BOARD OF MEDICAL REGISTRATION AND EXAMINATION OF INDIANA.
No. 29,067.
Supreme Court of Indiana.
Filed January 6, 1954.
*26 Christian, Waltz & Klotz, of Noblesville, and James D. Harrison, of Indianapolis, for appellant.
Edwin K. Steers, Attorney General, and Thomas Webber, Deputy Attorney General, for appellee.
BOBBITT, J.
Appellant was enjoined from practicing medicine in Indiana without a license under Acts of 1927, ch. 248, § 1, p. 725, being § 63-1311, Burns' 1951 Replacement.
The complaint for injunction alleged that the defendant (appellant) engaged in the practice of medicine in Marion County on July 26, 1950 and on November 15, 1950, without a license so to do.
Appellant's request for a jury trial was denied. There was a special finding of facts showing that defendant *27 (appellant) practiced chiropractic on July 26, 1950 at an office maintained and equipped for that purpose at 1815 North Meridian Street, in the city of Indianapolis, Marion County, Indiana.
Most of the questions presented by the assignment of errors have been decided by this court adversely to appellant, and we are asked to overrule these former decisions.
The alleged errors relied upon by appellant are:
1. The trial court erred in each of its conclusions of law.
2. The court erred in overruling appellant's motion for a new trial.
3. The court erred in overruling appellant's request for a trial by jury.
We shall consider these in the order named.
(1) Several reasons are advanced to support appellant's contention that the court erred in its conclusions of law: First: The conclusions of law here pertinent were stated by the trial court as follows:
"1. That the law is with the relator.
"2. That the relator is entitled to a permanent injunction enjoining the defendant, from engaging in the practice of medicine until a license so to do has been procured from the State of Indiana as prayed for in the complaint.
...
"4. That Section 1 of Chapter 248 of the Acts of the General Assembly of the State of Indiana, for the year 1927, approved March 11, 1927, page 725, (Burns' 1951 Replacement, Section 63-1311) is constitutional and valid."
Appellant bases his argument addressed to these conclusions of law upon the false presumption that ch. 169 *28 of the Acts of 1897, to which ch. 248 of the Acts of 1927 is an amendment, is a criminal statute.
The subject of the act (ch. 169, Acts 1897) is expressed in the title as: "AN ACT regulating the practice of medicine, surgery and obstetrics, ..." and its purpose is to regulate the practice of medicine. The purpose of a criminal statute is to prevent and punish the commission of crimes.
It may reasonably be supposed that by the enactment of the Medical Practice Act it was the deliberate purpose and intention of the legislature to protect people afflicted with diseases or illness in any degree from their own credulity. Crum v. State Board of Medical Registration, etc. (1941), 219 Ind. 191, 198, 37 N.E.2d 65. Such a purpose can hardly be said to have as its fulfillment the prevention of crime. Section 9 of the Acts of 1897, ch. 169, p. 255, being § 63-1315, Burns' 1951 Replacement, defining certain violations as misdemeanors and fixing penalty therefor is but an aid to the enforcement of the primary purpose of the act.
The Medical Practice Act is clearly not a criminal statute and the rules pertaining to criminal statutes which appellant here asserts have no application to the case at bar.
Second: Appellant asserts that the 1927 act is invalid because the title does not refer to the injunctive remedy which was added by this amendment.
In State ex rel. Board, etc. v. Cole (1939), 215 Ind. 562, 20 N.E.2d 972, it was asserted by appellee that the title of the 1927 act was not broad enough to cover the provisions authorizing the Attorney General and prosecuting attorneys to maintain actions for injunction and, at page 566 of 215 Ind., this court said:

*29 "The title of the act in question is broad enough to embrace the whole subject of the regulation of the practice of medicine. It is not essential that all of the procedural incidents of administration should be disclosed in the title."
Nothing has been advanced by appellant in the instant case to cause us to modify or overrule this holding.
Third: There is no merit to appellant's contention that the 1927 act embraces more than one subject.
Fourth: It is asserted that the complaint is insufficient in that it fails to allege that the defendant "intended to or likely would in the future practice medicine without a license ...", or that the plaintiff would suffer irreparable injury and damages unless defendant was enjoined. This question has been decided adversely to appellant.
In State ex rel. Bowers v. Moser (1944), 222 Ind. 354, 53 N.E.2d 893, at pages 358, 359 of 222 Ind., we said:
"The appellee refers us to that provision of the statute in question which states that an action such as this may be maintained in accordance with the law of the State of Indiana governing injunctions, and insists that this provision of the statute required the appellant to allege and prove threatened or anticipated acts on the part of the appellee; and that from such acts the State of Indiana will suffer great and irreparable damages and injuries. With this contention we cannot agree. The same section of the statute also provides that in a complaint for injunction under said statute it shall be sufficient to charge that the appellee did upon a certain day and in a certain county engage in the practice of medicine without a license, `without averring any further or more particular facts concerning the same.' This clearly indicates that it was not the intention of the Legislature *30 to require the plaintiff in such an action to either allege or prove threatened continuance of the illegal practice or irreparable damage to the State. The reasons for the Legislature's dispensing with these two requirements would seem to be obvious. It could be assumed that the person who was willing to violate the statute by engaging in the practice of medicine without a license would continue to do so unless enjoined. By prohibiting the practice of medicine without a license the Legislature recognized the danger involved in such practice and in effect found that such practice would be injurious to the health and welfare of the people of the State. By providing for an action for an injunction in such a case the Legislature recognized the necessity of providing a method for promptly stopping such illegal practice whenever such practice is discovered.
"The allegations in the amended complaint that the appellee had threatened and would continue such illegal practice and that the State would suffer great and irreparable damage and injury were unnecessary to the complaint and it was unnecessary to prove these allegations."
We concur in, and reaffirm, the holding in this case.
Fifth: There is also no merit to appellant's contention that equity will not lie in this case because the state had an adequate remedy at law. The statute provides two vehicles for its enforcement; one, a legal remedy under § 63-1315, supra, and the other, an equitable remedy under § 63-1311, supra, and the state may pursue either or both.
Sixth: Appellant further asserts that the 1927 act is invalid as being in contravention of Art. 3, § 1, Art. 1, § 12, and Art. 7, § 1 of the Constitution of Indiana, and the Fourteenth Amendment to the United States Constitution.
The authority to regulate the practice of medicine stems from the police power of the state. It is properly *31 invoked by the legislature and, in the exercise of this power, the legislature may properly define the practice of medicine and prescribe methods and procedure for the regulation thereof.
In its enactment of the 1927 act the legislature did not violate the Due Process Clause of either the federal or state Constitutions. Lucas v. State ex rel. Board, etc. (1951), 229 Ind. 633, 647, 99 N.E.2d 419.
Seventh: Appellant further asserts that the special findings are insufficient to support the conclusions of law and the judgment because they state only that appellant practiced "chiropractic." This court has held many times that the practice of "chiropractic" is the practice of medicine as defined in the Medical Practice Act, Lucas v. State ex rel. Board, etc. (1951), 229 Ind. 633, 638, 99 N.E.2d 419, supra; State ex rel. Board, etc. v. Henry (1951), 229 Ind. 219, 221, 97 N.E.2d 487; State ex rel. Board, etc. v. Hayes (1950), 228 Ind. 286, 91 N.E.2d 913; Crum v. State Board of Medical Registration, etc. (1941), 219 Ind. 191, 37 N.E.2d 65; State ex rel. Board, etc. v. Cole (1939), 215 Ind. 562, 567, 20 N.E.2d 972, supra. The findings of the trial court contain all that the statute requires.
(2) Appellant's motion for a new trial presents the same questions which we have just discussed, and what has been said above under assignment (1) applies with equal force to the overruling of the motion for a new trial.
(3) Was appellant unlawfully deprived of his right to a trial by jury? Section 20, Article 1 of the Constitution of Indiana which provides that in all civil cases the right of trial by jury shall remain inviolate guarantees the right to a trial by jury in actions at law which were, prior to June 18, 1852, triable by jury, but it was not intended, nor does it *32 require, a jury trial of issues which were of exclusive equity jurisdiction prior of the adoption of our present Constitution. Fish v. Prudential Ins. Co. (1947), 225 Ind. 448, 452, 453, 75 N.E.2d 57, and cases there cited.
Actions for injunctions are of exclusive equitable jurisdiction. Helm et al. v. The First National Bank of Huntington et al. (1883), 91 Ind. 44, 47, 48. Pence v. Garrison et al. (1883), 93 Ind. 345, 350. Also: Acts 1881 (Spec. Sess.), ch. 38, § 372, p. 240, being § 2-1204, Burns' 1946 Replacement.
Appellant was, therefore, not entitled to a trial by jury.
Finding no reversible error, the judgment of the trial court is affirmed.
Judgment affirmed.
Draper, C.J. and Emmert and Gilkison, JJ., concur.
Flanagan, J., not participating.
NOTE.  Reported in 116 N.E.2d 503.