DONALD T. ROSS, JR., CLAIMANT-APPELLANT, v. BOARD OF
REVIEW, DEPARTMENT OF LABOR,
DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued May 1, 1984—Decided June 27, 1984.

Before Judges BOTTER and O'BRIEN.

*Joseph B. Young* argued the cause for appellant (*David Lazarus*, Director of Litigation, Community Health Law Project, attorney; *Gary D. Gordon*, on the brief).

*Todd A. Wigder*, Deputy Attorney General, argued the cause for respondent (*Irwin I. Kimmelman*, Attorney General of New Jersey, attorney; *Michael S. Bokar*, Deputy Attorney General, of counsel; *Todd A. Wigder*, on the brief).

PER CURIAM.

Claimant appeals from a final decision of respondent Board of Review holding him ineligible for disability benefits from June 17, 1982 through October 24, 1982, and liable to refund $700 received as benefits. The appeals examiner found that claimant was not under the care of "a legally licensed physician, dentist, podiatrist or chiropractor" as required by *N.J.S.A.* 43:21–39(d),[1] and thus ineligible for disability benefits. We agree and affirm that determination.

---

[1]Subsequent to claimant's disability, the statute was amended to include optometrists. *See L.*1983, *c.* 47, § 1, effective January 28, 1983. The committee statement attached to that amendment said: "Although currently optometrists are not expressly included among the professionals listed in the statute, their certifications are, as a matter of practice, accepted by the Division of Unemployment and Disability Insurance of the Department of Labor." It does not appear whether the certifications of any other professionals are similarly accepted by the division as a matter of practice, but certifications by psychologists are apparently not accepted.

■■ The medical report filed on behalf of claimant had been certified by a psychologist, not one of the enumerated professions. Claimant urges that we construe the statute to include psychologists as the court construed it to include chiropractors in *Thomas v. Carlton Hosiery Mills*, 14 *N.J.Super.* 44, 49 (App.Div.1951), at a time when *N.J.S.A.* 43:21–39(d) read "legally licensed physician." It is for the Legislature to determine those professionals under whose care a disabled individual must be in order to be eligible for temporary disability benefits. That the Legislature has included psychologists in other legislative settings only bespeaks a legislative awareness and conscious exclusion of that profession from this legislation. The recent amendment to include optometrists reflects a legislative affirmation of the selected professions. We find no constitutional infirmity in the classifications selected by the Legislature as urged by claimant. Since the physician's certification in the medical report filed by claimant was not executed by a practitioner of one of the enumerated professions, claimant was not eligible for benefits pursuant to *N.J.S.A.* 43:21–39(d), as determined by the Board of Review. We therefore affirm that determination.

■ The decision of the Board of Review further held claimant liable to refund the benefits received by him purportedly in accordance with *N.J.S.A.* 43:21–16(d), subject to the director's discretion set forth in *N.J.A.C.* 12:17–10.2. The statute and provision of the administrative code referred to do not apply to the Temporary Disability Benefits Law. We recognize that the Temporary Disability Benefits Law is the second article in the chapter entitled "Unemployment Compensation," and that the Unemployment Compensation Law (*N.J.S.A.* 43:21–1 through 43:21–24.4), and the Temporary Disability Benefits Law (*N.J. S.A.* 43:21–25 through 43:21–56), must be read and construed together, *Iorio v. Bd. of Review, Div. of Emp. Sec.*, 88 *N.J.Super.* 141, 152 (App.Div.1965), and are "mutually complimentary and … illuminat[e] each other." *Id.* at 146; *see also Conti-*

*nental Cas. Co. v. Knuckles,* 142 *N.J.Super.* 162, 166 (App.Div. 1976). Nevertheless, they are two separate legislative acts,[2] and each has its own penalty provision. The penalty provision of the Temporary Disability Benefits Law, *N.J.S.A.* 43:21–55, in some respects duplicates the penalty provision of the Unemployment Compensation Law, *N.J.S.A.* 43:21–16, but it does not include a comparable provision for the return of benefits paid "for any other reason" as is contained in *N.J.S.A.* 43:21–16(d)(ii). The penalty provision of the Temporary Disability Benefits Law only requires refund by any person "who shall have received any benefits hereunder by reason of the making of such false statements or representations or failure to disclose a material fact." *N.J.S.A.* 43:21–55(a). There is no allegation here that claimant or his psychologist misrepresented any fact. On the contrary, the physician's certification which was filed with the Division of Unemployment and Disability Insurance clearly recited as the doctor's license number "D Psychology 1021."

The State's reliance upon *N.J.S.A.* 43:21–42(a), to support a different construction, is misplaced. That section simply re-

---

[2]That separateness is exemplified by the varied evolution of the professions which may certify disability under the Unemployment Compensation Law (for those with disability during unemployment), pursuant to *N.J.S.A.* 43:21–4(f)(1)(A) (hereafter § 4), and those which may certify under the Temporary Disability Benefits Law under *N.J.S.A.* 43:21–39(d) (hereafter § 39). The concept of certification was first introduced in the Temporary Disability Benefits Law, *L.*1948, *c.* 110. Art. III, § 15(b) enacted § 39, and Art. IV, Disability During Unemployment, § 20 enacted *N.J.S.A.* 43:21–44 as an amendment to § 4. Thereafter, § 4 was amended in 1952 to read "physician, dentist or chiropodist." *L.*1952, *c.* 187, § 2. It was not until 1967 that § 39 was amended to include physician, dentist or chiropodist, and chiropractor was added. *L.* 1967, *c.* 30, § 9. Yet when § 4 was amended in 1977 to change chiropodist to podiatrist, chiropractor was not added. *L.*1977, *c.* 307, § 2. Then in 1980, both sections were amended to read "physician, dentist, podiatrist or chiropractor." *L.*1980, *c.* 90, § 11 as to § 4, and § 15 as to § 39. Finally in 1983, both sections were amended to include optometrist, but by separate enactments, *c.* 47, § 1 as to § 39, effective January 28, 1983, and *c.* 221, § 1 as to § 4, effective June 27, 1983.

quires that the State plan be administered subject to the same laws, regulations and practices as are applicable to the Unemployment Compensation Law to the extent that such laws, regulations and practices are not inconsistent with the Temporary Disability Benefits Law. As noted, we find the penalty provisions of the two acts to be inconsistent.

Furthermore, the reference by the Appeal Tribunal in its decision, which was affirmed by the Board of Review, to the director's discretion set forth in *N.J.A.C.* 12:17–10.2 is also misplaced. That section of the administrative code deals with unemployment benefit payments and requires that a demand for refund of unemployment benefits be issued in each case when a determination of overpayment is made. *N.J.A.C.* 12:17–10.2. There are no comparable provisions in Title 12, Chapter 18 which deal with temporary disability benefits. The only provision referring to benefits erroneously paid to a claimant is *N.J.A.C.* 12:18–1.4, which reads as follows:

> If benefits have been paid to a claimant erroneously by the State plan, Disability During Unemployment, or a private plan, the Division may arrange a restitution of funds from the party that should have paid the benefits to the credit of the party that paid erroneously, if it can be shown that the erroneous payment was not due to a fraudulent intent.

This obviously does not refer to any requirement that the claimant refund payments erroneously made to him, but suggests such a requirement only in the event of a "fraudulent intent" which is the basis for required repayment under *N.J.S.A.* 43:21–55(a). Since there is no allegation that claimant made any false statement or representation, or failed to disclose a material fact, there is no obligation that he repay benefits paid to him erroneously. The decision to the contrary by the Board of Review is reversed.

Affirmed in part and reversed in part.