**Elliott CUNNINGHAM, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 45A04–0501–CR–4.**

Court of Appeals of Indiana.

Oct. 25, 2005.

Transfer Denied Jan. 11, 2006.

Elliott Cunningham, East Chicago, Appellant Pro se.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Elliott Cunningham appeals the trial court's judgment finding that he committed speeding, a Class C infraction. We reverse and remand.

### Issue

The dispositive issue we address is whether the trial court properly denied Cunningham's request for a jury trial.

### Facts

The facts most favorable to the trial court's decision are that on October 26, 2004, Lake County Deputy Sheriff Robert Bridgeman observed a vehicle driving in excess of the speed limit. Deputy Bridgeman stopped the vehicle, which was driven by Cunningham, and issued him a Uniform Traffic Ticket.

On November 18, 2004, Cunningham filed three motions on his own behalf: a request for speedy trial, a request for discovery, and a request for jury trial. On December 7, 2004, Cunningham appeared, pro se, for a bench trial in this matter. At this time, Cunningham again requested a jury trial. The trial court denied his request. On December 13, 2004, the trial court entered a decision in favor of the State and ordered Cunningham to pay fines and court costs in the amount of $96.50. This appeal ensued.

### Analysis

■ Cunningham argues that the trial court violated his right to a jury trial in a civil case as protected by Article I, Section 20 of the Indiana Constitution. This provision provides: "In all civil cases, the right of trial by jury shall remain inviolate." Indiana Constitution, Art. I, § 20. An issue presented on appeal is a pure question of law when the question does not require reference to extrinsic evidence, inferences drawn from that evidence, or the consideration of credibility questions. *Bader v. Johnson,* 732 N.E.2d 1212, 1216 (Ind.2000). We review purely legal issues de novo. *LaRose v. State,* 820 N.E.2d 727, 730 (Ind. Ct.App.2005), *trans. denied.* This is such a question, and we review Cunningham's claim de novo. In doing so, we give no deference to a trial court's legal conclusions. *Scalpelli v. State,* 827 N.E.2d 1193, 1197 (Ind.Ct.App.2005), *trans. denied.*

■ On September 1, 1981, our legislature passed Indiana Code Sections 34–4–32–1 to 5 governing the procedures for enforcing violations of infractions and municipal ordinances. *Wirgau v. State,* 443 N.E.2d 327, 329, n. 1 (Ind.Ct.App.1982). Prior to the enactment of these statutes, all traffic offenses were criminal in nature,

but with the passage of the 1981 statutes, the legislature mandated that all such violations be governed by the Indiana Rules of Civil Procedure. *Id.* at 329. Indiana Code Chapter 34–28–5 governs these procedures, and Section 1 of that chapter provides: "Actions under this chapter . . . shall be conducted in accordance with the Indiana Rules of Trial Procedure . . . ." These rules govern the procedures to be followed in all civil suits brought in Indiana. Ind. Trial Rule 1. Our legislature removed the protections afforded to criminal defendants when it decided that the Indiana Rules of Trial Procedure govern infractions and, in doing so, directed that we now treat infractions as civil matters. Thus, this case is governed by Article I, Section 20 of the Indiana Constitution and not Article I, Section 19,[1] which governs criminal cases.

■■■ The next, and thornier, question we address is whether Cunningham is entitled to a jury trial under Article I, Section 20. Our state Supreme Court has cautioned, "The right to a jury trial holds a special place in the system of justice, and we guard it against encroachment." *Songer v. Civitas Bank*, 771 N.E.2d 61, 63 (Ind.2002). However, that right is not absolute. There exists long-standing precedent in Indiana providing that our constitution protects one's right to a jury trial only in actions where the right existed at common law. *Id.* Indiana Trial Rule 38(A) embodies the well-settled tenet that a party is not entitled to a jury trial on equitable claims, and we look to that rule for further guidance. *Id.*

Indiana Trial Rule 38(A) provides:

Issues of law and issues of fact in causes that prior to the eighteenth day of June, 1852, were of exclusive equitable jurisdiction shall be tried by the court; issues of fact in all other causes shall be triable as the same are now triable. In case of the joinder of causes of action or defenses which, prior to said date, were of exclusive equitable jurisdiction with causes of action or defenses which, prior to said date, were designated as actions at law and triable by jury—the former shall be triable by the court, and the latter by a jury, unless waived; the trial of both may be at the same time or at different times, as the court may direct.

Indiana Trial Rule 39(A) further provides: "When trial by jury has been demanded as provided in Rule 38, the action *shall* be designated upon the chronological case summary as a jury action." (Emphasis added). The State does not dispute that Cunningham timely filed his request for jury trial in accordance with these rules.

Justice Boehm recently supplied a thorough analysis of a party's right to a jury trial as provided by Article I, Section 20 and enforced through Indiana Trial Rule 38(A).[2] *Midwest Sec. Life Ins. Co. v. Stroup*, 730 N.E.2d 163, 169–71 (Ind.2000) (Boehm, J., concurring, in which Dickson, J., joins). Justice Boehm states, "If the cause of action existed on June 18, 1852, then this issue is decided by history." *Id.* at 169. Where the cause of action at issue was not in existence on this date, the crucial inquiry is whether the cause of action at issue is equitable or legal in nature as those terms were used in 1852.

---

1. That section provides: "In all criminal cases whatever, the jury shall have the right to determine the law and the facts." Ind. Const. Art. I, § 19.

2. While we recognize that this is merely a concurring opinion addressing an issue not treated by the majority, we find it significant that no other justice disagreed with Justice Boehm's instructive analysis. We further note that the State itself relies on this concurrence in its brief.

*Id.* at 169–70. The inquiry should not focus solely on whether the cause of action at issue existed at common law. *Id.* "If an action is essentially legal in nature, a jury demand must be honored." *Id.* at 169.

Clearly, the simplest way to determine whether a respondent has the right to a jury trial in a proceeding for a speeding infraction would be to look at the 1852 statutes governing speed zones. That approach is of little help here, however, because the earliest versions of today's speed zone statutes were not codified until 1939. We must therefore proceed to the alternative path of analysis that Justice Boehm discusses: whether the cause of action at issue is equitable or legal in nature. We must determine whether an action for a traffic infraction would have been considered equitable had it existed in 1852. We hold that it would not have been an equitable action.

In making this determination, we note that, until 1981, an infraction was considered a criminal action and was not governed by what were then titled the Indiana Rules of Civil Procedure. *Wirgau,* 443 N.E.2d at 329, n. 1. Prior to our legislature's 1981 enactment of Indiana Code Sections 34–4–32–1 to 5, trial courts were required to inform defendants in traffic cases of their criminal rights, including the right to a jury trial.[3] *Wirgau,* 443 N.E.2d at 330. It is clear that from the time of their inception until 1981, when the Indiana Rules of Civil Procedure and, now, the Indiana Rules of Trial Procedure began to govern the enforcement of infraction violations, such offenses were criminal actions and, as such, were not equitable in nature.

Our case history provides long-standing support for this conclusion. In 1934, our Supreme Court stated,

> Since courts of equity deal only with civil and property rights, they will not interfere by injunction with criminal proceedings, having no jurisdiction or power to afford relief in such cases.... [E]quity will not interfere by injunction to restrain municipal officers from the prosecution of suits for the violation of city ordinances, such proceedings being of a quasi criminal nature, since equity will not interfere with the execution of the criminal law ....

*Lickey v. City of South Bend,* 206 Ind. 636, 640, 190 N.E. 858, 860 (1934) (citation omitted).

We also note that Justice Boehm's concurrence provides us with an overview of some of those actions that were equitable in 1852, including injunctions, reformations, derivative actions, accounting, discovery, and land transactions. *Midwest Sec. Life Ins. Co.,* 730 N.E.2d at 169 (citing inter alia *Dean v. State ex rel Bd. of Med. Registration & Examination,* 233 Ind. 25, 31–32, 116 N.E.2d 503, 507 (1954)). Justice Boehm's list of equitable actions does not include criminal proceedings. He further lists examples of those actions that were considered legal in 1852, including replevin, ejectment, fraudulent conveyance, and actions for money damages. *Id.* (citing inter alia *City of Terre Haute v. Deckard,* 243 Ind. 289, 293, 183 N.E.2d 815, 817 (1962)). Because a speeding infraction can result in a violator being ordered to pay a fine, an infraction is analogous to an action for money damages, a historically legal action, and dissimilar from equitable actions.

---

**3.** At that time, Indiana Code Section 9–4–7–9(a), which was enacted in 1971 and repealed in 1980 provided: " 'Before accepting a plea of guilty to a traffic offense other than parking, standing, or nonmoving, the court shall inform the defendant of his rights, which shall include, but not be limited to, the right ... [t]o a trial by jury ....' " *Wirgau,* 443 N.E.2d at 332, n. 1.

■ Though they are now governed by the Indiana Rules of Trial Procedure, speeding infractions remain quasi-criminal in nature [4]—they are enforced by the police; complaints are initiated and litigated by a prosecuting attorney on behalf of the State; [5] and violators are fined by the government. Because of this, it logically follows that, just as criminal actions were outside the scope of equitable actions as provided by our case history, so, too, would quasi-criminal actions have been historically non equitable. Instead, in 1852, actions criminal in nature would necessarily have been legal. In such actions, a jury trial demand must be honored. *Midwest Sec. Life Ins. Co.,* 730 N.E.2d at 169. We therefore hold that the trial court improperly denied Cunningham's request for a jury in violation of Article I, Section 20 of the Indiana Constitution.[6]

### Conclusion

The trial court improperly denied Cunningham's jury trial demand. We reverse and remand for further proceedings.

Reversed and remanded.

CRONE, J., and NAJAM, J., concur.

4. We recognize that the Indiana Supreme Court has clearly defined traffic violations as civil proceedings and not criminal offenses and do not mean to suggest otherwise. *See State v. Hurst,* 688 N.E.2d 402, 405 (Ind. 1997). In referring to speeding infractions as "quasi-criminal in nature," we are simply saying that the procedures through which these actions are adjudicated bear a likeness to those procedures employed in adjudicating criminal offenses.

5. "An action to enforce a statute defining an infraction shall be brought in the name of the state of Indiana by the prosecuting attorney for the judicial circuit in which the infraction allegedly took place ...." Ind.Code § 34–28–5–1(a).

6. In his appellate brief Cunningham requested that we sanction the trial court, clerk of courts, and prosecutor involved in this case for various injustices that he perceived. We note that Article VII, Section 4 of the Indiana Constitution dictates that the Indiana Supreme Court shall have original jurisdiction over disciplinary issues. Therefore, we do not have the authority to address Cunningham's request for sanctions. Further, we need not address the other claims Cunningham asks us to review because we are reversing and remanding for further proceedings.