# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**TODD ESS**
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**R. ERIC SANDERS**
Assistant Corporation Counsel
Office of Corporation Counsel
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROBERT M. GATES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1210-OV-503 |
| | ) | |
| CITY OF INDIANAPOLIS, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable David J. Certo, Judge
Cause No. 49F12-1204-OV-14334

**July 11, 2013**

**OPINION - FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Robert Gates appeals the trial court's order denying his demand for a jury trial in this action in which the City of Indianapolis ("the City") alleged that Gates violated three municipal ordinances. Gates presents a single issue for our review, namely, whether the trial court erred when it denied his demand for a jury trial.

We reverse and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

On February 22, 2012, Indianapolis Animal Care and Control Officer Tiffany Compton issued three citations to Gates for violations of three ordinances of the Revised Code of the Consolidated City of Indianapolis and Marion County ("Revised Code"). On April 10, the City filed a civil complaint against Gates alleging that he had violated the following ordinances: Section 531-401 (General Requirements for Animal Care and Treatment); Section 531-202 (Permanent Identification of Dogs and Cats Required); and Section 531-203 (Curbing). In particular, Officer Compton observed that Gates had permitted his dog to defecate on a public street without cleaning up after it, and he had hit his dog multiple times. In addition, Gates' dog had neither permanent identification nor proof of rabies vaccination. On June 22, Gates filed his demand for a jury trial,[1] which the trial court denied. This appeal ensued.[2]

## DISCUSSION AND DECISION

Gates contends that he is entitled to a jury trial under Article I, Section 20 of the Indiana Constitution, which provides that, "[i]n all civil cases, the right of trial by jury

_____

[1] The trial court found that Gates' demand for jury trial was timely filed.

[2] Gates filed this interlocutory appeal pursuant to Indiana Appellate Rule 14(B).

2

shall remain inviolate." As we observed in <u>Cunningham v. State</u>, 835 N.E.2d 1075, 1076 (Ind. Ct. App. 2005), <u>trans. denied</u>, an issue presented on appeal is a pure question of law when the question does not require reference to extrinsic evidence, inferences drawn from that evidence, or the consideration of credibility questions. We review purely legal issues de novo. <u>Id.</u> This is such a question, and we review Gates' claim de novo. In doing so, we give no deference to a trial court's legal conclusions. <u>Id.</u>

It is well settled that Article I, Section 20 of the Indiana Constitution serves to preserve the right to a jury trial only as it existed at common law. <u>Songer v. Civitas Bank</u>, 771 N.E.2d 61, 63 (Ind. 2002). And Indiana Trial Rule 38(A) provides:

> Causes triable by court and by jury.
>
> Issues of law and issues of fact in causes that prior to the eighteenth day of June, 1852, were of exclusive equitable jurisdiction shall be tried by the court; issues of fact in all other causes shall be triable as the same are now triable. In case of the joinder of causes of action or defenses which, prior to said date, were designated as actions at law and triable by jury—the former shall be triable by the court, and the latter by a jury, unless waived; the trial of both may be at the same time or at different times, as the court may direct.

In a concurring opinion in <u>Midwest Security Life Insurance Co. v. Stroup</u>, 730 N.E.2d 163, 169-70 (Ind. 2000), Justice Boehm explained the right to a jury trial as follows:

> Both Article I, Section 20 and Indiana Trial Rule 38(A) provide for the right of a trial by jury in certain instances. The right to a jury trial is a "fundamental right in our democratic judicial system" that must be "scrupulously guarded" against encroachment. <u>Levinson v. Citizens Nat'l Bank</u>, 644 N.E.2d 1264, 1267 (Ind. Ct. App. 1994). In my view, the crucial inquiry, however, is not, as the Court of Appeals put it, whether a cause of action existed at common law. Rather, it is whether the cause of action is essentially legal or equitable, as those terms were used in 1852. <u>See Midwest Fertilizer Co. v. Ag-Chem Equip. Co.</u>, 510 N.E.2d 232, 233 (Ind. Ct. App. 1987) ("[T]he key determination to be made is whether the claim involved is legal or equitable in character."). If an action is essentially legal

3

in nature, a jury demand must be honored, but those causes of action that are equitable may be tried to the court. This formulation can be found in several Indiana decisions, both recent and ancient. See, e.g., Fager v. Hundt, 610 N.E.2d 246, 253 n.9 (Ind. 1993); Dean v. State ex rel. Bd. of Med. Registration & Examination, 233 Ind. 25, 31-32, 116 N.E.2d 503, 507 (1954); Fish v. Prudential Ins. Co., 225 Ind. 448, 452-53, 75 N.E.2d 57, 59 (1947); Martin v. Martin, 118 Ind. 227, 237, 20 N.E. 763, 767-68 (1889).

If the cause of action existed on June 18, 1852, then this issue is decided by history. Legal actions at that time included replevin, ejectment, fraudulent conveyances, and actions for money damages, see City of Terre Haute v. Deckard, 243 Ind. 289, 293, 183 N.E.2d 815, 817 (1962); Howell v. State Farm Fire & Cas. Co.,530 N.E.2d 318, 319-20 (Ind. Ct. App. 1988), while equitable actions included injunctions, reformations, derivative actions, accounting, discovery, and land transactions, see Dean, 233 Ind. at 31-32, 116 N.E.2d at 507; Sikich v. Springmann, 221 Ind. 483, 487-88, 48 N.E.2d 808, 809-10 (1943); Lewandowski v. Beverly, 420 N.E.2d 1278, 1282 (Ind. Ct. App. 1981).

If, however, the cause of action is one that was not in existence in 1852, it is necessary to determine whether it is closer to a claim at law or one in equity. "To determine whether or not a party is entitled to a trial by jury, we look beyond the label given a particular action and evaluate the nature of the underlying substantive claim." Hacienda Mexican Restaurant v. Hacienda Franchise Group, Inc., 641 N.E.2d 1036, 1041 (Ind. Ct. App. 1994). This involves evaluating "the complaint, the rights and interest[s] involved, and the relief demanded." Levinson, 644 N.E.2d at 1267.

In this appeal, Gates contends that our opinion in Cunningham is dispositive and requires reversal of the trial court's order denying a jury trial. In Cunningham, we held that the defendant was entitled to a jury trial after he was issued a traffic ticket for speeding, a Class C infraction. We agreed with the defendant that he was entitled to a jury trial under Article I, Section 20 of the Indiana Constitution, and our reasoning was as follows:

Clearly, the simplest way to determine whether a respondent has the right to a jury trial in a proceeding for a speeding infraction would be to look at the 1852 statutes governing speed zones. That approach is of little help here, however, because the earliest versions of today's speed zone statutes

4

were not codified until 1939. We must therefore proceed to the alternative path of analysis that Justice Boehm discusses [in his concurring opinion in Midwest Sec. Life Ins. Co.]: whether the cause of action at issue is equitable or legal in nature. We must determine whether an action for a traffic infraction would have been considered equitable had it existed in 1852. We hold that it would not have been an equitable action.

In making this determination, we note that, until 1981, an infraction was considered a criminal action and was not governed by what were then titled the Indiana Rules of Civil Procedure. Wirgau, 443 N.E.2d at 329, n.1. . . . It is clear that from the time of their inception until 1981, when the Indiana Rules of Civil Procedure and, now, the Indiana Rules of Trial Procedure began to govern the enforcement of infraction violations, such offenses were criminal actions and, as such, were not equitable in nature.

* * *

Though they are now governed by the Indiana Rules of Trial Procedure, speeding infractions remain quasi-criminal in nature—they are enforced by the police; complaints are initiated and litigated by a prosecuting attorney on behalf of the State; and violators are fined by the government. Because of this, it logically follows that, just as criminal actions were outside the scope of equitable actions as provided by our case history, so, too, would quasi-criminal actions have been historically non[-]equitable. Instead, in 1852, actions criminal in nature would necessarily have been legal. In such actions, a jury trial demand must be honored. Midwest Sec. Life Ins. Co., 730 N.E.2d at 169. We therefore hold that the trial court improperly denied Cunningham's request for a jury in violation of Article I, Section 20 of the Indiana Constitution.

835 N.E.2d at 1077-79 (emphases added, footnotes omitted).

Here, the trial court found, and the parties agree, that the ordinances at issue did not exist prior to 1852. Accordingly, we must determine whether this cause of action would have been considered a claim of equity or law in 1852. See id. at 1077. With respect to the nature of the underlying substantive claim, namely, the ordinance violations, our supreme court has held that "the violation of city ordinances" are "of a

5

quasi criminal nature." See Lickey v. City of South Bend, 206 Ind. 636, 640, 190 N.E. 858, 860 (1934).[3]

We also find Cunningham instructive on this question. While the nature of the ordinances at issue in this case has not previously been considered by this court, the violations at issue are quasi-criminal because they are enforced by the Indianapolis Department of Public Safety,[4] complaints are initiated and litigated by a prosecuting attorney on behalf of the City, and violators are fined by the government. See Cunningham, 835 N.E.2d at 1079. And we agree with Gates that the mandatory fines imposed in this case are akin to claims for money damages, which were "exclusively legal actions in 1852[.]" See id. at 1078.

The City is correct that it is well established that "prosecution for the violation of a city ordinance in which a monetary penalty only is sought is a civil and not a criminal action." See Boss v. State, 944 N.E.2d 16, 21 (Ind. Ct. App. 2011). But in Boss, we addressed only the question of double jeopardy where the defendant's criminal charges "stemmed from the same incident involving Boss's dogs from which the ordinance violations arose." Id. That question is entirely distinct from the question of whether the violation of the same ordinances would have been addressed in a court of equity or a court of law in 1852. As such, Boss is not instructive here.

---

[3] In Lickey, the defendant allegedly violated an ordinance that "provided for the licensing of peddlers and hawkers[.]" 206 Ind. 636, 190 N.E. 858, 860.

[4] The Indianapolis Department of Public Safety ("DPS") is described as a "police agency" on the complaints filed against Gates, and DPS oversees both the Indianapolis Metropolitan Police Department and the Animal Care and Control Division. See Indianapolis-Marion County, Ind., City-County General Ordinance No. 251-101.

While the ordinances at issue here can be used to abate and prevent nuisances, the City has not sought injunctive relief but will impose mandatory fines as provided for in Section 531-401 and Section 531-203.  The trial court points out that the City "likely will follow its practice and request an injunction against future violations of Chapter 531 if it prevails against Mr. Gates."  Appellant's App. at 12.  But there is no injunctive relief requested in the case as it now stands, and it would be improper for us to speculate as to what the City might do in the future.

The City's request for monetary relief under the ordinances is unlike, for example, a foreclosure action, in which a court in equity would be permitted to hear a legal claim for breach of contract in conjunction with the injunctive relief sought.  See Songer, 771 N.E.2d at 66 (holding where the essential features of a suit sound in equity, the entire controversy is drawn into equity, including incidental questions of a legal nature).  Here, again, only monetary damages are sought and there is no basis for drawing that legal claim into equity.  The nature of the underlying substantive claims brought against Gates is quasi-criminal, and he is entitled to a jury trial under Article I, Section 20 of the Indiana Constitution.  We reverse and instruct the trial court to grant Gates' jury trial request.

Reversed and remanded with instructions.

BAILEY, J., and BARNES, J., concur.