## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 15 2020, 9:33 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEY FOR APPELLEE |
| --- | --- |
| Robert M. Sklar | Matthew J. Mize |
| North Manchester, Indiana | Law Offices of Matthew J. Mize, LLC |
| | North Manchester, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
| --- | --- |
| Robert M. Sklar, <br> *Appellant*, <br><br> v. <br><br> Town of North Manchester, <br> *Appellee*. | January 15, 2020 <br><br> Court of Appeals Case No. 19A-OV-2157 <br><br> Appeal from the Wabash Superior Court <br><br> The Honorable Benjamin Vanderpool, Judge <br><br> Trial Court Cause No. 85D01-1906-OV-470 |

**Brown, Judge.**

[1] Robert M. Sklar appeals the dismissal of an information filed by the Town of North Manchester (the "Town"). We affirm.

*Facts and Procedural History*

[2] On June 14, 2019, the Town filed an Information For Blocking Drive/Sidewalk/Alley, Ordinance Violation 73.01 against Sklar in the Wabash Superior Court under cause number 85D01-1906-OV-470. An entry on the same day in the chronological case summary ("CCS") indicates that the court set an initial hearing on the violation for June 24, 2019, and ordered Sklar to appear. Sklar sent a letter, addressed to Wabash Superior Court Judge Benjamin Vanderpool and dated June 23, 2019, requesting a continuance and stating that he disputed the validity of the violation. A June 28, 2019 CCS entry states that the court held the initial hearing, that Sklar did not appear, and that prior to the hearing the court received ex parte correspondence from Sklar disputing the ordinance violation. The same CCS entry indicated the matter was set for a contested bench trial on August 5, 2019.

[3] A CCS entry, titled "Motion to Quash Filed," indicates that the Town filed a Motion to Quash Subpoenas on July 10, 2019, and another CCS entry indicates Sklar filed an answer on July 16, 2019, to the Town's motion and states "Motion to Compel, Jury Trial Demanded." Appellee's Appendix Volume II at 3. A CCS entry for July 22, 2019, indicates that the court vacated the scheduled August 5, 2019 bench trial and scheduled a hearing on the Town's motion for August 14, 2019.

[4] On August 7, 2019, the Town filed a motion to dismiss which states it had "received payment for the parking ticket(s) in question" and that "there no longer exists an outstanding ordinance violation," and the court granted the Town's motion. *Id.* at 9. On August 8, 2019, Sklar filed an Opposition to the Motion to Dismiss and Motion to Reinstate Action that states "Jury Trial Demanded" and, in contending that a due process and equal protection violation had occurred, that "[a]fter the Town Court was dissolved in favor of the Superior Court, Defendants have no ability to challenge any ordinance violation unless the Town first decides to take enforcement action and only after Defendant fails to pay said citation." *Id.* at 10-11. It also states that the Town "accepted Payment for the violation, thus a fine is still being paid, but rather than by the Defendant, by an unknown third party" and that "by the [T]own accepting another person's payment for Defendant[']s tickets, they are essentially entering a guilty plea." *Id.* at 11. The court denied Sklar's motion to reinstate action.

## *Discussion*

[5] Sklar argues that the trial court erred "in allowing the Town to dismiss its case." Appellant's Brief at 7. Without pointing to support in the record, he contends that the "Town dissolved its Town Court in September 2010 and has not designated a violations bureau or administrative body." *Id.* at 8. He states: "The Town claims that on August 6, 2019[,] an 'anonymous' payment arrived by US Postal Service with $30[] Cash in a letter addressed to [the North Manchester Police Department." *Id.* (internal footnote omitted). He cites Ind.

Code § 9-30-11-1[1] and contends that the Town, in accepting payment, "essentially entered a Judgment against [him] without his consent." *Id.* at 10. He claims: "The Town has every right to dismiss an action on its own, without reason; however it cannot do so while secretly accepting a payment from an 'anonymous source'. . . ." *Id.* He cites Ind. Code § 33-36-3-2 and asserts that the "Town clerk-treasurer" did not receive any admission from him or a waiver of his right to trial.[2] *Id.* at 11. He further contends that ordinance violations are quasi-criminal actions and, without citing to the record or authority, claims that the court had an obligation to make sure the payment was made knowingly. *Id.* at 13.

[6] Although Sklar is proceeding *pro se*, such litigants are held to the same standard as trained attorneys and are afforded no inherent leniency simply by virtue of being self-represented. *Zavodnik v. Harper*, 17 N.E.3d 259, 266 (Ind. 2014) (citing *Matter of G.P.*, 4 N.E.3d 1158 (Ind. 2014)). This Court will "not become an advocate for a party, or address arguments that are inappropriate or too poorly developed or expressed to be understood." *Basic v. Amouri*, 58 N.E.3d 980, 984 (Ind. Ct. App. 2016), *reh'g denied*.

---

[1] Ind. Code § 9-30-11-1 states: "As used in this chapter, 'judgment' means a monetary penalty assessed for the violation of an ordinance that regulates parking violation."

[2] Sklar does not develop an argument with regard to, or point to any authority interpreting, Ind. Code § 33-36-3-2, which provides that a "person charged with an ordinance or a code violation is entitled to a trial before a court as provided by law, unless the person waives the right to trial and enters an admission of the violation with the violations clerk. Upon an admission, the clerk shall assess and receive from the violator the amount prescribed by the schedule of civil penalties established under section 1 of this chapter."

[7] We note Sklar's failure to follow the requirements of the Appellate Rules. Appellate Rule 46(A)(5) governs the statement of case and provides that "[p]age references to the Record on Appeal or Appendix are required in accordance with Rule 22(C)." Appellate Rule 46(A)(6) governs the statement of facts and provides that "[t]he facts shall be supported by page references to the Record on Appeal or Appendix in accordance with Rule 22(C)." Appellate Rule 46(A)(8) governs the argument and provides that "[t]he argument must contain the contentions of the appellant on the issues presented" and that "[e]ach contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on, in accordance with Rule 22." Appellate Rule 22(C) governs references to the record on appeal and provides that "[a]ny factual statement shall be supported by a citation to the volume and page where it appears in an Appendix, and if not contained in an Appendix, to the volume and page it appears in the Transcript or exhibits, *e.g.*, Appellant's App. Vol. II p. 5; Tr. Vol. I, pp. 231-32." Sklar does not include any citation to the record in his statement of case, statement of facts, or argument, and we note that he did not file an appendix.[3] *See* Ind. Appellate Rules 49, 50.

[8] Generally, a trial court's order on a motion to dismiss is reviewed for an abuse of discretion. *See, e.g.*, *Finke v. N. Ind. Pub. Serv. Co.*, 862 N.E.2d 266, 270-272 (Ind. Ct. App. 2006) (reviewing a dismissal of a cause of action under Trial

---

[3] Although Sklar provides certain citations to an "Ex A-1," "Exhibit A-2," "Ex A-3," and "Ex A-4" in his argument section, *see e.g.*, Appellant's Brief at 8, we observe that he did not submit a separate Appellant's appendix containing such documents. *See* Ind. Appellate Rule 46(F).

Rule 41(A) for an abuse of discretion), *trans. denied*. An abuse of discretion occurs if the trial court's decision is against the logic and effect of the facts and circumstances, or reasonable inferences therefrom, that were before the court, or if the decision is without reason or based upon impermissible reasons or considerations. *Principal Life Ins. Co. v. Needler*, 816 N.E.2d 499, 502 (Ind. Ct. App. 2004).

[9] "[I]t is well established that 'prosecution for the violation of a city ordinance in which a monetary penalty only is sought is a civil and not a criminal action.'" *Gates v. City of Indianapolis*, 991 N.E.2d 592, 595 (Ind. Ct. App. 2013) (quoting *Boss v. State*, 944 N.E.2d 16, 21 (Ind. Ct. App. 2011)), *trans. denied*. With regard to the nature of the proceedings, the General Assembly has set forth procedures for enforcing ordinances that are plainly civil in nature. *Boss*, 944 N.E.2d at 23. An action to enforce an ordinance begins with a complaint and summons and must conform to the Indiana Rules of Trial Procedure. *See id*. *See also* Ind. Code § 34-28-5-1 (providing in part that actions under the chapter, which is titled "Infraction and Ordinance Violation Enforcement Proceedings," be conducted in accordance with the Indiana Rules of Trial Procedure). Indiana Trial Rule 41(A)(2) governs the voluntary dismissal of a cause of action at the plaintiff's instance "upon order of the court and upon such terms and conditions as the court deems proper."

[10] Our review of the record reveals that on June 14, 2019, the Town filed an Information For Blocking Drive/Sidewalk/Alley, Ordinance Violation 73.01 against Sklar, and the court set an initial hearing on the violation and ordered

Sklar to appear. On August 7, 2019, after the court had vacated the bench trial and scheduled the August 14, 2019 hearing on the Town's motion, the Town filed a motion to dismiss, stating that it had "received payment for the parking ticket(s) in question" and that "there no longer exists an outstanding ordinance violation." Appellee's Appendix Volume I at 9. Sklar does not establish there was an outstanding ordinance violation, show that he has been prejudiced, or otherwise develop a cogent argument. *See Zoller v. Zoller*, 858 N.E.2d 124, 127 (Ind. Ct. App. 2006) ("A party waives any issue for which it fails to develop a cogent argument or support with adequate citation to authority."). After due consideration of the record and proceedings before us, we affirm the trial court.

[11] Affirmed.

Baker, J., and Riley, J., concur.